UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN R. DUNN, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 15 C 4508 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| RANDY PFISTER, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Kevin R. Dunn, who is currently incarcerated at Stateville Correctional Center, is serving a life sentence for predatory criminal sexual assault of a child and a term of fifty-five years for home invasion.[1] Dunn has petitioned this Court for a writ of habeas corpus [Doc. 1] under 28 U.S.C. § 2254. Respondent Randy Pfister[2] moves to dismiss Dunn's petition as time-barred, arguing that Dunn failed to file within the one-year statutory period and that equitable tolling does not apply. Because the Court agrees and finds that Dunn's petition is untimely, the Court grants Respondent's motion to dismiss [Doc. 10].

## BACKGROUND

A jury convicted Dunn of one count of predatory criminal sexual assault of a child and one count of home invasion following his trial in 2004 in the Circuit Court of Lake County, Illinois. The judge sentenced him to a term of natural life on the predatory criminal sexual assault of a child conviction and fifty-five years on the home invasion.[3] Dunn appealed his conviction on both counts to the Illinois Appellate Court, which affirmed his conviction on

---

[1] It is unclear from the record whether the terms are to be served concurrently or consecutively.
[2] Randy Pfister is the present custodian at Stateville Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.
[3] *See* footnote 1 *supra*.

September 25, 2006.  Dunn filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court that was denied on January 24, 2007.  Dunn did not file a petition for a writ of certiorari with the United States Supreme Court.

On April 27, 2015, Dunn moved for leave to file a state habeas corpus action pursuant to 735 Ill. Comp. Stat. § 5/10-101, *et seq.*  The Illinois Supreme Court denied Dunn's motion on May 27, 2015.  Dunn did not appeal that ruling.  Meanwhile, Dunn filed the instant petition for a writ of habeas corpus on May 21, 2015 in the Central District of Illinois.  That District transferred Dunn's petition to this Court the same day.

## ANALYSIS

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations period for the filing of a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), the limitations period begins to "run from the latest of [. . .] the date on which [a petitioner's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A).  Dunn's judgment thus became final on April 24, 2007; ninety days after the Illinois Supreme Court denied his direct appeal and the time for filing a writ of certiorari with the U.S. Supreme Court expired.  *See Gonzalez v. Thaler*, --- U.S. ---, 132 S. Ct. 641, 653-54, 181 L. Ed. 2d 619 (2012) (judgment becomes final when time for pursuing direct review to the Supreme Court expires); *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (finding that ninety-day period for filing petition for certiorari "falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run.").  To be timely, Dunn should have filed his federal habeas petition by April 24, 2008.  *See* Fed. R. Civ. P. 6(a); *Newell*

*v. Hanks,* 283 F.3d 827, 833 (7th Cir. 2002) (Rule 6(a) applies to calculating AEDPA's grace period).

The one-year statute of limitations is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Dunn filed a post-conviction petition (his state habeas petition) in the Illinois Supreme Court on April 27, 2015. That filing is irrelevant for tolling purposes, however, because he filed the state habeas petition after the one-year statute of limitations for filing his § 2254 petition had already expired. *See Teas v. Endicott,* 494 F.3d 580, 582-83 (7th. Cir. 2007) (where limitations period under § 2244(d)(1)(A) expired before filing of state post-conviction petition, no collateral review was pending in state court for tolling purposes). Because Dunn had no application for collateral review pending in the state court between April 24, 2007 and April 24, 2008, the one-year statute of limitations period ran unabated and expired well before Dunn filed his state habeas petition in 2015, making his federal habeas petition untimely.

Dunn does not address the statute of limitations issue in his response to the motion to dismiss, but rather reargues the merits of his habeas petition. Although the Court reads Dunn's petition and response liberally, as it must do in *pro se* pleadings, it will not construct arguments wholesale for him. *See Small v. Endicott*, 998 F.2d 411, 417-18 (7th. Cir. 1993) ("While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal argument for him." (internal citation omitted)). However, even if the Court reads Dunn's petition as arguing for statutory or equitable tolling, or for a miscarriage of justice exception to the statute of limitations, those arguments fail.

3

Section 2244(d)(1)(B) provides that the limitations period for filing a § 2254 petition is statutorily tolled if the applicant was prevented from filing due to state action in violation of the Constitution or laws of the United States, up until such impediment is removed. 28 U.S.C. § 2244(d)(1)(B). Even reading Dunn's petition and response to the motion to dismiss liberally, Dunn does not claim that he was unable to prepare his federal habeas petition due to a state-created impediment. *See Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition."). The alleged failure of Dunn's trial and appellate counsel to pursue meritorious arguments is not "state action" for the purposes of § 2244(d)(1)(B). *See Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S. Ct. 445, 70 L. Ed. 2d 59 (1981) (finding that a "public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding."). Section 2244(d)(1)(B) tolling thus does not apply here.

To be entitled to equitable tolling, Dunn must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (internal quotation marks omitted)). Dunn has not put forward any evidence of extraordinary circumstances. *Cf. id.* at 684-87 (finding extraordinary circumstances where petitioner lacked access to his legal file, spent large quantities of time in segregated status, had limited access to the law library, and appealed to the district court for an extension within the one-year window). And Dunn cannot demonstrate diligence in pursuing his rights given that he waited over eight years to file his state and federal habeas petitions. *See, e.g., Pace*, 544 U.S. at 419 (finding lack

of diligence in pursuing rights where petitioner waited five months after conclusion of state post-conviction proceedings to file federal habeas petition). Dunn is therefore not entitled to equitable tolling.

Dunn's responsive brief contends that he is factually innocent which, read liberally, could be seen as an argument for a miscarriage of justice exception to the statute of limitations. *See McQuiggin v. Perkins,* ---U.S. ---, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013) (holding that actual innocence, if proved, serves as an exception to procedural bars, such as the expiration of the statute of limitations). This exception is only applicable where the petitioner presents new reliable evidence and persuades the court that, in light of such evidence, it is more likely than not that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327-29, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). Dunn has not proffered any new reliable evidence to support his contention of actual innocence. Instead, he reargues the evidence already presented during his jury trial and on direct appeal. This is insufficient to warrant application of the miscarriage of justice exception. *See Gomez v. Jaimet,* 350 F.3d 673, 679 (7th Cir. 2003) ("To support a colorable claim of actual innocence the petitioner must come forward with new reliable evidence…that was not presented at trial." (citation omitted) (internal quotation marks omitted)).

Finally, Dunn's petition could be read as arguing that the Court should look beyond the timeliness issue to consider his arguments on the merits. The Court is required, however, to resolve statute of limitations issues before it may look at the substance of a habeas petition. *See Bowers v. Buss*, 422 F. Supp. 2d 985, 987 (N.D. Ind. 2006) ("Modern habeas corpus law establishes several technical doctrines, including…statute of limitations, which a court must

5

consider before reaching the merits of an applicant's claims."). Because the statute of limitations issue is dispositive, the Court denies this argument to the extent Dunn has raised it.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. In order to be entitled to a certificate of appealability, a habeas petitioner must make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). A petitioner does this by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot,* 463 U.S. at 893 n.4).

Here, a reasonable jurist could not find this Court's ruling debatable because the petition is clearly time-barred. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [Doc. 10] is granted. The Court dismisses Dunn's petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254 and declines to certify any issues for appeal under 28 U.S.C. § 2253(c). The case is terminated.

Petitioner is advised that this is a final decision terminating his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. 4(a)(1). Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a motion pursuant to Rule 60(b) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Dated: March 23, 2016

_____
SARA L. ELLIS
United States District Judge